# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>BK RACING, LLC<br><br>Debtor | Chapter 11<br><br>Case No. 18-30241 |
| MATTHEW W. SMITH, Chapter 11 Trustee for BK RACING, LLC<br><br>Plaintiff<br><br>v.<br><br>H.A.F. REAL ESTATE I, LLC and<br>H.A.F. REAL ESTATE WEST, LLC<br><br>Defendants | Adversary Proceeding No. 20-03010 |

## ANSWER TO COMPLAINT

COMES NOW the Defendants, H.A.F. Real Estate I, LLC and H.A.F. Real Estate West, LLC (the "Defendants"), and their undersigned counsel, and hereby answers the Complaint and states as follows:

### PARTIES

1. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, admit.

2. Admit.

3. Admit.

### JURISDICTION AND VENUE

4. This is a conclusion of law to which no response is required, but to the extent a response is required, denied.

5. This is a conclusion of law to which no response is required, but to the extent a response is required, denied.

6. This is a conclusion of law to which no response is required, but to the extent a response is required, denied.

7. This is a conclusion of law to which no response is required, but to the extent a response is required, denied.

8. This is a conclusion of law to which no response is required, but to the extent a response is required, denied.

## FACTUAL ALLEGATIONS

**A.     Procedural History of the Chapter 11 Case**

9. Admit.

10. Admit.

11. Admit.

12. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, admit.

**B.     Factual Background Regarding the Debtor**

13. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

14. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

15. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

16. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

17. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

18. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

19. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

**C.    Summary of the Transfers and Identity of the Transferee**

20. Admit.

21. Denied.

22. Denied that Mr. Pitrelli is H.A.F.'s attorney, but admit that he is a registered agent. Defendants have insufficient information to admit or deny if Mr. Pitrelli is Mr. Devine's personal attorney.

23. Admit that the payments were received, but Defendants have insufficient information to admit or deny the precise dates of receipt.

24. Denied.

25. Denied.

26. Denied.

**D.    The Debtor's Financial Circumstances at the Time of the Transfers**

27. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

28. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

29. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

30. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

31. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

32. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

33. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

34. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

35. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

36. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

37. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

38. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

39. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

40. Defendants have insufficient information to admit or deny this allegation, but to the extent a response is required, denied.

## RESERVATION OF RIGHTS

41. Denied.

## FIRST CLAIM FOR RELIEF
Avoidance of Transfers
Pursuant to 11 U.S.C. § 548
(Actual Fraud)

42. Defendants incorporate the foregoing answers.

43. Denied.

44. Denied.

45. Denied.

## SECOND CLAIM FOR RELIEF
Avoidance of Transfers
Pursuant to 11 U.S.C. § 548
(Constructive Fraud)

46. Defendants incorporate the foregoing answers.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## THIRD CLAIM FOR RELIEF
Avoidance of Transfers

Pursuant to 11 U.S.C. § 544(b) and N.C. Gen. Stat. § 39-23.1 *et seq.*
(Actual Fraud)

53. Defendants incorporate the foregoing answers.

54. Denied.

55. Denied.

56. Denied.

## FOURTH CLAIM FOR RELIEF
Avoidance of Transfers
Pursuant to 11 U.S.C. § 544(b) and N.C. Gen. Stat. § 39-23.1 *et seq.*
(Constructive Fraud)

57. Defendants incorporate the foregoing answers.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## FIFTH CLAIM FOR RELIEF
Avoidance of Transfers Pursuant to 11 U.S.C. § 547
(Alternative Claim)

64. Defendants incorporate the foregoing answers.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

### SIXTH CLAIM FOR RELIEF
Recovery of Transfers
Pursuant to 11 U.S.C. § 550

73. Defendants incorporate the foregoing answers.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

Any allegations not admitted above are denied. Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

### AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. The plaintiff's claim is barred by the statute of limitations.

3. Defendants are not insiders of Debtor.

4. The Trustee has alleged that certain transfers to Defendants were made with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became indebted, on or after the date that such transfers were made. With respect to this allegation, the Trustee has failed to state with particularity the circumstances constituting the alleged fraud, as required by Fed. R. Civ. P.9(b), made applicable by Bankruptcy Rule 7009. The Complaint does not provide specific facts or the sources supporting the facts, and therefore, the claims against Defendants relating to the aforementioned transfers should be dismissed.

5.      Defendants extended value to the Debtor in good faith and in consideration for the transfers referred to in the Complaint. By virtue of the foregoing and Section 548(c) of the Bankruptcy Code, defendant has a lien on and may retain any transfer received to the extent of such value.

6.      Defendants acted without fraudulent intent and may retain the property transferred to it as security for repayment of the Debtor's obligations to Defendants.

**7.**      Debtor's transfers were in payment of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendants, and such transfers were made in the ordinary course of business or financial affairs of the Debtor and the Defendants, or made according to ordinary business terms.

8.      Debtor's transfers were to or for the benefit of the Defendants, which, after such transfer, gave new value to or for the benefit of the Debtor— not secured by an otherwise unavoidable security interest; and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendants.

WHEREFORE, Defendants respectfully request that the Court:

A. Enter judgment in Defendants' favor dismissing the Complaint with prejudice.

B. Award Defendants' its reasonable costs and fees, including attorneys' fees.

C. Grant Defendants' such other and further relief as the Court deems just and proper.

Dated: April 14th, 2020											Respectfully submitted,

OFFIT KURMAN, P.A.

*/s/ Paul Baynard*
Paul Baynard (NC Bar No.15769)
Amy P. Hunt (NC Bar No. 34166)
301 South College Street
Suite 2600
Charlotte, NC 28202
704.716.0846
704.372.2619 (fax)
paul.baynard@offitkurman.com
amy.hunt@offitkurman.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April, 2020, a copy of the foregoing was served via the Court's ECF on:

Andrew Houston
Moon Wright & Houston
121 W. Trade Street
Suite 1950
Charlotte, NC 28202

*/s/ Paul Baynard*
Paul Baynard (NC Bar No.15769)

4840-6790-4186, v. 1